UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RODRICK D. MCGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-505-TAV-SKL |
| | ) | |
| DAVID J. BALES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Plaintiff Rodrick D. McGee filed this action on December 22, 2016 asserting the Honorable David J. Bales violated his civil rights pursuant to 42 U.S.C. § 1983 [Doc. 2]. At the time of filing this action, Plaintiff also moved to proceed *in forma pauperis* ("IFP") [Doc. 1]. On April 28, 2017, the Court issued an Order instructing Plaintiff that his application to proceed IFP was insufficient insomuch as it failed to provide the Court with ample information to make such a determination [Doc. 3]. Specifically, Plaintiff failed to provide a certified copy of his inmate trust account for the previous six-month period. The Court directed Plaintiff to correct his application within 30 days from the date of the Order or risk denial of his motion [*Id.*]. Plaintiff wholly failed to comply with the Court's Order. On June 19, 2017, Plaintiff filed a second IFP, but yet again, failed to provide a certified copy of his inmate trust account for the previous six-month period [Doc. 4]. As the Court forewarned, this case will be dismissed for failure to comply with the Order of this Court.

In the alternative, this case is dismissed for failing to state a claim upon which relief may be granted. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436

U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant Cty. Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish that Defendant Judge Bales deprived him of a right secured by the Constitution of the United States while acting under color of law.

Plaintiff asserts that Defendant Judge Bales "kept [him] locked up for more than 72 hours" and "locked [him] up based on [his] race" [Doc. 2 p. 2]. The doctrine of absolute immunity protects judges from civil liability when performing judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 363–64 (1978); *Ciavone v. Slavens*, No. 2:14-13133, 2014 WL 4414504, at *3 (E.D. Mich. Sept. 8, 2014). Thus, because Defendant Judge Bales was acting in his judicial capacity performing judicial functions at the time of the alleged constitutional violation, he is entitled to Eleventh Amendment immunity.

Based on the foregoing, Plaintiff's first and second motions for leave to proceed IFP [Docs. 1, 4] are **DENIED** and this case is **DISMISSED**.

    **AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE